## UNITED STATES DISTRICT COURT OF
## NORTHERN DISTRICT OF ILLINOIS

**FILED**
AUG 1 0 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Ronald D. Leveston
   **Plaintiff,**
v.

Brian T. Moynihan, Pamela McLean Meyerson,
Ernest J. Codilis, ET AL.
   **Defendant(s)**

Amended Complaint

Criminal Complaint/Fraud/Conspiracy
Violation of Oath of Office, Racketeering (RICO)

CASE NO. 17-cv-04934

Property Address
9241 South Euclid Avenue, Chicago, Illinois 60617

## JURISDICTION AND VENUE

I.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C Section 1331 and 31 U.S.C. Section 3732 and supplemental jurisdiction related to the State False Claim Act pursuant to 28 U.S.C. Section 1367.

II.  This court has personal jurisdiction over the Defendants pursuant to subject matter jurisdiction over this action pursuant to 31 U.S.C. Section 3732(a) because Defendants transact the business that is the subject matter of this lawsuit in the State of Illinois and numerous acts proscribed by 31 U.S.C. Section 3729 occurred in the State of Illinois.

## PARTIES

III.  Plaintiff Ronald D. Leveston brings this action on behalf of himself, residing at 9241 South Euclid Avenue, Chicago Illinois 60617 pursuant to the State of Illinois False Claims Act.

IV.  Defendant Brian T. Moynihan is the President of Bank of America at 100 North Tryon Street, Charlotte, NC 28255.

V.  Defendant Ernest J. Codilis is an Attorney at CODILIS & ASSOCIATES located at 15W030 North Frontage Road, Burr Ridge, IL 60527.

VI.  Defendant is a Circuit Court Judge Pamela McLean Myerson at 50 W. Washington Street, Chicago, IL 60602.

**COMES NOW** the Plaintiff, Ronald D. Leveston, presents his common law defense to this instant action.

Any comment, brief, request, or notice made by an Attorney are statements of counsel in brief or in argument are not sufficient to dismiss nor for summary judgment, nor can a BAR Attorney represent a registered piece of paper or legal fiction person corporation as a foreign agent, because the Attorney is either an BAR Attorney or a hearsay witness. **(Trinsey v. Pagliaro)** D.C. Pa. 1964, 229 F. Supp 647, a Superior United States Supreme Court Case.

The only victim that has been harmed and injured is I, living breathing man, Ronald D. Leveston in claim.

I, Ronald D. Leveston, a living man, the Prosecutor,

Require a 'court of record',

Motion and Demand the Defendant to Provide Proof of Lawful Debt owed, the type of money loaned

Motion and Demand for Defendant to Produce the Original Wet Ink Promissory Note,

Motion and Demand Defendants to provide proof; Provide IRS Tax Form 4490 and IRS Form 56.

Motion and Demand for Defendant to Provide Proof of being a party of interest,

Motion and Demand to Remand Lack of Legal or Lawful Standing to Foreclosure,

Motion and Demand and Demand for Discovery of the Defendants Assets,

Motion and Demand that Defendants Judgment of Foreclosure be Dismissed with Prejudice

Motion and Demand for a COMMON LAW TRIAL BY JURY per the U.S. Const. 7th Amendment

## VIOLATIONS

Trinsey v. Pagliaro D.C.Pa. 1964, 229 F. Supp.647

CHAPTER 265, SECTION 37 VIOLATION

Charged of RICO VIOLATIONS

NATIONAL BANKING ACT OF 1864

UNLAWFUL FORECLOSURE

I. Defendant Brian T. Moynihan is the President of Bank of America is liable for the claims asserted because of the fraud against the Plaintiff that includes but not limited to: Trinsey v. Pagliaro D.C. Pa 1964, 229 F. Supp. 647, Chapter 265, Section 37 Violation, National Banking Act of 1864. Violating

Gallagher Bassett Servs., Inc. v. Phillips, 991 So. 2d 697, 701 (Ala. 2008), this appeal must be dismissed for lack of subject matter jurisdiction. Blevins, 51 So. 3d at 323.

10. Plaintiff further contends that Defendant did not properly comply with the terms of Defendant own securitization requirements and perfidiously and fraudulently prepared documents required for Defendant to foreclose as a calculated and fraudulent business practice.

11. Plaintiff has another mortgagee, Mortgage Enterprise Investments, who has the only valid mortgage and note on the said property.

12. Plaintiff has legal and lawful ownership on the said property.

13. Defendant(s) have not provided any documentation of their standing to foreclose or that the Department of Housing and Urban Development (HUD) has assigned or transferred foreclosure rights to Defendant as is required by Title 12 USC 3754.

14. By Defendant(s) own unwillingness to properly verify and validate that they have possession of the original mortgage and note, they have admitted that they in fact do not own the note and therefore have no standing to foreclose.

15. Plaintiff request that this court orders Defendant(s) to produce both original documents to prove they have standing and that they are the true holder in due course as mandated by UCC 3-308.

16. Defendant(s) have failed to provide proof of a lawful assignment as required by UCC 9-406(c) which states,

"Subject to subsection (h), if requested by the account debtor an assignee shall seasonably furnish reasonable proof that the assignment has been made."

## II. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT

17. Defendant act of pursuing a foreclosure action without the requisite title, legal title or allodial title, while falsely purporting it had such title, and while lacking the right to engage in a trust business constitutes a

false, deceptive or misleading representation or means in connection with the collection of a debt, in violation of the Federal Fair Debt Collection Procedures Act, 15 USC section 1692(e).

18. Defendant unlawfully provided information to the credit reporting agencies, including but not limited to Equifax, Experian and Transunion under the Federal Fair Credit Reporting Act.

19. Defendant wrongfully, improperly and illegally reported negative information as to the Plaintiff to one or more credit reporting agencies resulting in Plaintiff having negative information on his credit report and lowering his FICO scores and credit worthiness.

20. Plaintiff is entitled to actual and punitive damages, including emotional distress, mental anguish, embarrassment and humiliation for Defendant negligent and willful non-compliance to the Fair Credit Reporting Act, pursuant to 15 USC 1681(o) and 15 USC 1681(n)(9)(2) in an amount to be proven and determined at a trial by jury.

### III. VIOLATION OF RICO LAWS TO WIT: PATTERN OF RACKETEERING ACTIVITY PURSUANT TO 18 USC SECTION 1961(5), 1962(b)(c)(d)

21. Defendant did acquire and/or maintain, directly or indirectly an interest in or control of a RICO enterprise of individuals, partnerships or corporation who were associated in fact and who did engage in, and whose activities did effect, interstate and foreign commerce, and likewise did conduct and/or participate, either directly through a pattern of racketeering activity in violation of 18 USC section 1962 (b)(c)(d). See also 18 USC section 1961 (4)(5) and (9).

22. Defendant did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 USC section 1961(i)(a) and (B), in violation of 18 USC section 1962 (b)(c)(d).

23. Plaintiff alleges that Defendant(s) did commit two (2) or more of the offenses itemized above in a manner, which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, of an unlawful foreclosure, also in violation of 18 USC section 1962 (b)(c)(d). Pursuant of 84 Stat. 947, sec. 904, Oct. 15, 1970, the RICO laws itemized above

are to be liberally construed by this court. Said construction was never codified in Title 18 of the United States Code.

24. Defendant(s) is liable of misconduct: Knowledge of, participation in and benefit from a RICO enterprise.

25. Defendant(s) is further in violation of USC 891-984 extortionate credit transactions; 1341 mail fraud, 1343 wire fraud, 1344 financial institution fraud, 1503 obstruction of justice, 1952 racketeering, 1956 laundering of monetary instruments, 1957 engaging in monetary transactions in property derived from specified unlawful activity, 29 USC 186, 501(c) fraud connected with a case under Title 11 and fraud in the sale of securities.

IV. **ROMAN CANON LAW 3.3 RIGHTS AND SUSPENSION AND CORRUPTION ARTICLE 100 – CANON LAW 2057**

Any Administrator or Executor that refuses to immediately dissolve a Cestui Que (Vie) Trust, Upon a Person establishing their status and competency, is guilty of fraud and mental breach of fiduciary duties requiring their **immediate removal and punishment**.

26. **Fraud Vitiates All Contracts – U.S. Supreme Court, United States v. Throckmorton, 98 U.S. 61 (1878).** "The maxim that fraud vitiates every proceeding must be taken".

27. "The State cannot diminish the right of the People." **Hertado v. California, 110 U.S. 516".**

28. "Not every action by any judge is in exercise of his (her) judicial function. It is not a judicial function for a Judge to commit an intentional tort even though the tort occurs in the Courthouse, when a judge acts as a Trespasser of the Law, when a Judge does not follow the law, **the judge loses subject matter jurisdiction and the Judge's orders are void, of no legal force or effect**"! **Yates vs. Hoffman Estates, Illinois, 209 F. Supp.** 757 (N.D. Ill. 1962).

29. "State citizens are the only ones living under free government, whose rights are incapable of impairment by legislation or judicial decision." Twining v. New Jersey, 211 U.S. 97, 1908.

30. An unconstitutional act is not law; it confers no rights, it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."**Norton vs. Shelby County, 118 U.S. 425, p. 442."**

31. "Where a court failed to observe safeguards, it amounts to denial of due process of law, **court is deprived of juris.**"Merritt v. Hunter, C.A. Kansas 170 F2d 730.

32. "**A void judgment is one which, from its inception, was a complete nullity and without legal effect**" **Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed 298 (C.A. 1 Mass. 1972). Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla.1980).**

33. "**All acts of judges, magistrates, U.S. Marshals, sheriffs, local police, all void and not just voidable.**" Nestor v. Hershey, 425 F2d 504.

34. "**Once a fraud, always a fraud.**" 13 Vin Abr. 539.

35. **Things invalid from the beginning cannot be made valid by subsequent act.**" Trayner, Max. 482. Maxims of Law, Black's Law Dictionary 9th Edition, page 1862.

36. "**A thing void in the beginning does not become valid by lapse of time.**" 1 S. & R. 58. Maxims of Law, Black's Law Dictionary 9th Edition, page 1866.

37. "**Time cannot render valid an act void in its orgin**." Dig. 50, 17, 29; Broom Law Dictionary 9th Edition, page 1862.

### V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Defendant(s) knowingly misrepresented that they were entitled to exercise power of sale knowing full well they have no legal, equitable or actual beneficial interest whatsoever in the property and causing undue stress to Plaintiff to protect his home from being illegally confiscated.

39. Defendant(s) began their fraudulent foreclosure proceedings not acting in good faith while attempting to collect on the subject debt. Defendant committed acts set forth above with total, complete, utter and reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

40. As an actual and proximate cause of Defendant(s) actions, Plaintiff have suffered severe emotional distress, including but not limited to lack of sleep, anxiety and depression. As a result of Defendant wrongful acts and/or omissions, Plaintiff is entitled to various remedies including, but not limited to, rescission, reimbursement, equitable recoupment, indemnification, damages (statutory, actual, punitive and/or treble damages), attorney's fees and cost and injunctive relief for the undue emotional distress caused by the Defendant.

## VI. INCORPORATION OF PREVIOUSLY FILED MOTIONS, NOTICES, WRITS OR PETITIONS

41. Plaintiff hereby incorporates all previously filed motions, notices, writs or petitions as if they were specifically outlined in their entirety. However, if there is any portion within the previously filed documents which would prevent Plaintiff from being awarded the relief sought, Plaintiff hereby notices this court to stricken that portion from the document in order that Plaintiff may gain relief.

## VII. DEMAND FOR COMMON LAW TRIAL BY JURY

42. Plaintiff asserts his constitutional right to a trial by jury to settle this controversy and does not agree nor waives his right to a trial by jury and excepts this court to accommodate said trial at the courts earliest convenience.

### PRAYER FOR RELIEF SOUGHT

**WHEREFORE**, Plaintiff having stated a claim upon which relief can be granted, do hereby moves this court to grant the following claim for cause of action to be awarded for:

1. Compensatory, punitive, general and special damages in an amount to be determined at trial.
2. Attorney fees and cost of bringing this action.
3. Release of mortgage filed by Defendant in favor of Plaintiff in Register of Deeds office.
4. Letter to all three (3) credit bureaus that debt is paid in full as agreed.
5. An apology letter from Defendant to Plaintiff for emotional distress caused by their unlawful actions.
6. For Declaratory Relief, including but not limited to the following decrees of the court that:
    a) Plaintiff is the prevailing party

b) The alleged trustee has no enforceable secured or unsecured claim against the property.

c) The sponsor, depositor or mortgage originator has no enforceable secured or unsecured claim against the property.

d) The only valid lien on the property is by Ronald D. Leveston.

e) All officers of the court who violate their OATH OF OFFICE and FIDUCIARY DUTY will have criminal charges with no delay due to the fact that IGNORING THE LAW IS NOT ACCEPTABLE because no one has absolute immunity.

The LYNN E. SZYMONIAK CASE 31 U.S.C 3730(B)(2). NO.10-cv01465-JFA has proven that Federal National Mortgage Association and other banks in this case are definitely guilty of MORTGAGE FRAUD.

Executed this 10 day of August 2017.

**All Rights Reserved Waiving None UCC 1-308, UCC 1-103.6** _____

Ronald D. Leveston

UNITED STATES DISTRICT COURT OF
NORTHERN DISTRICT OF ILLINOIS

**Ronald D. Leveston**
   Plaintiff,
v.

**BRIAN T. MOYNIHAN,**
**PAMELA MCLEAN MEYERSON,**
**ERNEST J. CODILIS, ET AL.**
   Defendant(s)

**Amended Complaint**

CASE NO. 17-cv-04934

Criminal Complaint/Fraud/Conspiracy
Violation of Oath of Office, Racketeering (RICO)

I, Ronald D. Leveston, a living man, the Executor-Prosecutor, require:

a 'court of record',

Motion and Demand for Defendant to Provide Proof of being a party of interest,

Motion and Demand for Defendant to Produce the Original Wet Ink Promissory Note,

Motion and Demand the Defendant to Provide Proof of Lawful Debt owed

Motion and Demand to Remand Lack of Legal or Lawful Standing to Foreclosure,

Motion and Demand for Discovery of the Defendants Assets,

Motion and Demand for Defendant to provide Proof of IRS Form(s) 4490 and IRS Form(s) 56,

a COMMON LAW TRIAL BY JURY per the U.S. Const. 7th Amendment,

Motion and Demand that Defendants Judgment of Foreclosure be Dismissed with Prejudice